FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT W. HUMPHREYS,<br><br>        Plaintiff,<br><br>v.<br><br>SECURUS PHONE, MORE, A. MORE, DUNCAN, UEKER, MEDICAL, BAMA A. COLE, SAS MED RESOLUTION, CHRISTSON, MEDICAL PRINCIPLE DENTAL, BARRAJUS, MORE, DAVAL AMBROUSTER, ASSENT DENECE, and PRESSEL,<br><br>        Defendants. | NO: 4:23-CV-05171-RMP<br><br>ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION |

On January 16, 2024, the Court directed Plaintiff Scott W. Humphreys, a *pro se* prisoner at the Coyote Ridge Corrections Center, to show cause why the Court should grant his application to proceed *in forma pauperis*. ECF No. 16 at 4. In the alternative, Plaintiff could have paid the $405.00 filing fee. *Id*.

On January 23, 2024, Plaintiff filed a Response to the Order to Show Cause ("OSC"). ECF No. 17. After careful review of Plaintiff's submission, the Court

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 1

finds that Plaintiff has failed to demonstrate that he was under imminent danger of serious physical injury when he initiated this case, and is thus precluded under 28 U.S.C. § 1915(g) from proceeding in this action without prepayment of the filing fee. *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Plaintiff's OSC Response is difficult to decipher. He does not appear to dispute the Court's finding that he filed three or more actions while a prisoner that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. *See* ECF No. 16 at 2–3. Further, he does not appear to assert that he was under "imminent danger of serious physical injury" when he filed his complaint on December 13, 2023. *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes,* 493 F.3d 1047, 1055–56 (9th Cir. 2007); *see also Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (holding that "the imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint.").

After filing his OSC Response, Plaintiff filed three separate supplements to his Complaint. ECF Nos. 18, 19, and 20. Although the allegations in the supplements are also difficult to decipher, he does not appear to assert that he was under "imminent danger of serious physical injury" when he filed his complaint on December 13, 2023. *See* 28 U.S.C. § 1915(g); *Andrews,* 493 F.3d at 1055–56.

Liberally construing his assertions in the light most favorable to Plaintiff, the Court finds that he has failed to overcome the preclusive effects of 28 U.S.C. §

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 2

1915(g). Because Plaintiff did not avail himself of the opportunity to pay the $405.00 filing fee, he may not proceed with this action.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's application to proceed *in forma pauperis,* **ECF No. 9,** is **DENIED**.
2. This action is **DISMISSED WITHOUT PREJUDICE** for non-payment of the filing fee as required by 28 U.S.C. § 1914.
3. The District Court Clerk shall **CLOSE** the file.
4. The Court certifies that any appeal of this dismissal would not be taken in good faith.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, enter judgment, and provide copies to Plaintiff.

**DATED** February 22, 2024.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Senior United States District Judge

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION -- 3